**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
MOBILE DIVISION**

| | | |
|---|---|---|
| **FATIMA ROBINSON,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.:** |
| | § | |
| **v.** | § | |
| | § | **1:26-cv-140** |
| | § | |
| **PERFORMANCE CONTACTORS, INC,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

This is an action for unlawful employment retaliation under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981.

### I.    JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 2000e-5(f)(3).

2.    Venue is proper because the unlawful employment practices alleged herein were committed within this judicial district and division. The events giving rise to this suit occurred in this Division.

### II.    PARTIES

3.    Plaintiff Fatima Robinson ("Robinson")  is an adult citizen of the United States and, at all relevant times, a resident of the State of Alabama. Robinson was employed by Defendant Performance Contractors, Inc.

4.    Defendant Performance Contractors, Inc. ("Performance") is a corporation business in the State of Alabama. Performance was and is an "employer" within the meaning of Title VII.

### III.    ADMINISTRATIVE EXHAUSTION

5.    All conditions precedent to the institution of this lawsuit have been satisfied. Robinson filed an EEOC Charge of Discrimination, and the EEOC subsequently issued her a Notice of Right to Sue. This Complaint is filed within 90 days of Robinson's receipt of the Notice of Right to Sue.

### IV.    FACTUAL ALLEGATIONS

6.    Performance employed Robinson as a Firewatch, and Robinson performed her job satisfactorily.

7.    During her employment, Robinson was subjected to discriminatory conduct by a white Caucasian welder, Race Dixon ("Dixon").

8.    Robinson is African American female.

9.    Further, Dixon made discriminatory comments about black African Americans and females.

10.    Dixon spat in areas Robinson was responsible for cleaning, creating a humiliating and degrading work environment.

11.    On or about March 5, 2025, after Dixon's spitting and comments, Robinson reported the same to management.

12. Robinson called Dustin Graves, who put her into contact with Dale Strickland, Kimble (LNU), and General Foreman Josh (LNU).

13. Robinson then attempted to reach Performance's corporate Human Resources department but received no answer.

14. Robinson left voice messages with the Human Resources department.

15. Days later Kelsey Martin, a Human Resources representative, called Robinson to discuss the events and her complaints.

16. Kelsey martin informed Robinson that an investigation would ensue, but Robinson heard nothing further.

17. In her complaints, Robinson made it clear that she felt she was being targeted by Dixon because of her race and sex.

18. Dustin Graves, along with other local managers, then attempted to assign Robinson to work with Dixon's father.

19. Robinson then resigned.

20. After Robinson's resignation, a recruiter working for Defendant offered Robinson multiple positions at other locations.

21. Robinson accepted these offers.

22. Robinson and the recruiter held a conversation about a thirty (30) day hold Performance placed in Robinson's file, which precluded her from working for the company for a period of thirty days following her resignation.

23.    Said recruiter assured Robinson the issue would be resolved and that she would be allowed to work.

24.    The recruiter later informed Robinson that Performance had marked her as permanently ineligible for rehire.

## V.    CAUSES OF ACTION

### Count I: Retaliation (Title VII of the Civil Rights Act of 1964)

25.    Robinson re-alleges and incorporates by reference paragraphs 1-24 above as if fully set forth herein.

26.    Robinson engaged in protected activity by reporting race and sex-based discrimination.

27.    Performance subjected Robinson to materially adverse actions, including designating her as ineligible for rehire, refusing to rehire her, and rescinding multiple job offers.

28.    These actions would dissuade a reasonable person from engaging in protected activity.

29.    Performance's actions were causally connected to Robinson's protected activity.

30.    Defendant's stated reasons for its actions are false and pretextual, as evidenced by conflicting statements between Defendant's recruiter and other representatives.

31.    As a direct and proximate result of Performance's retaliatory actions, Robinson has suffered injuries and losses. These include loss of earnings and benefits, damage to her career and professional reputation, emotional pain and suffering, inconvenience, mental anguish, and other losses.

32.    Robinson continues to suffer the effects of these losses.

### Count II: Retaliation (42 U.S.C. § 1981)

33.    Robinson re-alleges and incorporates by reference paragraphs 1-24 above as if fully set forth herein.

34.    Robinson re-alleges and incorporates by reference paragraphs 1-24 above as if fully set forth herein.

35.    Robinson engaged in protected activity by reporting race and sex-based discrimination.

36.    Performance subjected Robinson to materially adverse actions, including designating her as ineligible for rehire, refusing to rehire her, and rescinding multiple job offers.

37.    These actions would dissuade a reasonable person from engaging in protected activity.

38.    Performance's actions were causally connected to Robinson's protected activity.

39.    Defendant's stated reasons for its actions are false and pretextual, as evidenced by conflicting statements between Defendant's recruiter and other representatives.

40.    As a direct and proximate result of Performance's retaliatory actions, Robinson has suffered injuries and losses. These include loss of earnings and benefits, damage to her career and professional reputation, emotional pain and suffering, inconvenience, mental anguish, and other losses.

41.    Robinson continues to suffer the effects of these losses.

## VI.    **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Fatima Robinson respectfully prays that the Court grant the following relief:

a.    Order Performance to reinstate Ms. Robinson to her former position (or an equivalent position) with full seniority, benefits, and pay, *or* alternatively, award front pay in lieu of reinstatement if reinstatement is not feasible.

b.    Award Ms. Robinson all back pay, including lost wages, salary, benefits, and bonuses, from the date of her termination up to the date of reinstatement (or judgment), plus pre-judgment interest.

c.    Award compensatory damages for the non-economic harm caused by the discrimination, including damages for emotional distress, pain and suffering, mental anguish, and loss of enjoyment of life.

d.    Award punitive damages to punish and deter Performance for its willful, malicious, or recklessly indifferent conduct, to the maximum extent allowed by law.

e. Award Plaintiff her reasonable attorney's fees, expert witness fees, litigation expenses, and court costs incurred in bringing this action;

f. Grant such other and further legal or equitable relief as the Court deems just and proper, including but not limited to appropriate injunctive relief.

Respectfully submitted,

*/s/ Eric C. Sheffer*
Eric. C. Sheffer
*Attorney for Plaintiff*

Eric C. Sheffer
ASB 3568J14X
WIGGINS CHILDS PANTAZIS
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 3520
(205) 314-0582 (phone/fax/text)
Email: esheffer@wigginschilds.com